John Schraedel, III and Edna Schraedel (Husband and Wife) v. Commissioner.
Schraedel v. Commissioner
Docket No. 58763.
United States Tax Court
T.C. Memo 1959-119; 1959 Tax Ct. Memo LEXIS 128; 18 T.C.M. (CCH) 534; T.C.M. (RIA) 59119; June 11, 1959
*128 Reconstruction of income: Recomputation of depreciation reserves. - The court recalculated the accumulated depreciation for a previously determined net worth reconstruction of income. Robert R. White, Esq., 924 du Pont Building, Miami, Fla., for the petitioners. W. Preston White, Esq., for the respondent. ATKINS
Supplemental Memorandum Opinion ATKINS, Judge: In our Memorandum Findings of Fact and Opinion in this case filed October 16, 1958, we reconstructed the net worth computation in accordance with the findings which we had made and the conclusions which we had reached. In such reconstructed net worth computation we included among liabilities certain amounts as representing proper depreciation reserves as of the end of each of the years 1946 through 1949. On November 17, 1958, counsel for the petitioners filed a "Motion to Modify Findings of Fact and for Additional Findings of Fact." This motion was denied in all respects except that relating to the depreciation reserves. The motion in this respect was set for argument and the parties were directed to submit computations of the depreciation reserves. The motion came on for argument at which time there *129 was no appearance on behalf of the petitioners. However, counsel for the petitioners did submit a memorandum brief, which included a computation. In such brief it is stated that examination of the opinion indicates that the Court has not accumulated the allowable depreciation and that the opinion should be revised to show such accumulations. Counsel for the respondent did not file a recomputation, but in a memorandum brief in opposition to the petitioners' motion the position was taken that the depreciation reserves as found by the Court should not be revised, with the statement that the opinion clearly indicates that the Court did accumulate the allowable depreciation. In computing the depreciation reserves as of each year-end the Court did accumulate depreciation upon some of the assets, and also reduced the reserves by the amount of accumulated depreciation on assets which were disposed of in a particular year. However, in some instances we did not accumulate depreciation, since we were of the opinion that the petitioners had not adduced adequate proof as to the precise times of acquisitions and dispositions of some assets. This was particularly true with reference to automotive *130 equipment. In view of the petitioners' motion, we have thoroughly re-examined the evidence with respect to depreciation and depreciation reserves and have found some errors in our conclusions and computations. We are now of the opinion that Exhibit DD, which is a ledger account entitled "Automobiles and Trucks," does provide an adequate basis for the proper calculation of depreciation sustained on automobiles and for the calculation of proper depreciation reserves. In this connection we have computed no depreciation on the Packard automobile, since the petitioners have not shown that it was used in business and since the petitioners themselves in their returns have never claimed depreciation thereon. We have completely recalculated the reserves for depreciation on all assets. There is lacking evidence as to the precise dates of some acquisitions and improvements. However, we have exercised our best judgment and now find as a fact and hold that the proper depreciation reserves to be used in the net worth computation as of the end of each of the years 1946 through 1949 are $2,396.64, $5,965.87, $10,590.03, and $14,264.49, respectively. Except for these changed figures and their effect *131 upon other findings and conclusions, we adhere to the facts and conclusions reached in our Memorandum Findings of Fact and Opinion of October 16, 1958. The use of the revised figures for depreciation reserves in the net worth computation results in the computation of corrected net income for 1947, 1948, and 1949 of $1,216.79, $40,876.73, and $200.06, respectively. Inasmuch as the petitioners are entitled to personal exemptions of $2,500 for 1947, it follows that there is no net taxable income for 1947 and hence no deficiency in tax for that year. For the year 1948 the petitioners are entitled to personal exemptions of $3,000, which results in a net taxable income of $37,876.73, resulting in a deficiency in tax since the petitioners reported only $772.62 of net income for that year. For the year 1949 the petitioners are entitled to personal exemptions of $3,000, which results in no net taxable income and hence no deficiency in tax for that year. Decision will be entered under Rule 50.